IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-HC-2027-FL

| | | |
|---|---|---|
| DWIGHT KNOWLES,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

Petitioner, a federal inmate proceeding pro se, petitions this court for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief. Also before the court are petitioner's motion for leave to proceed in forma pauperis (DE 2) and for leave to supplement previously filed motion to proceed in forma pauperis (DE 6).

In March 2017, a jury convicted petitioner of conspiring to possess with the intent to distribute, and to distribute, five kilograms or more of cocaine on board an aircraft registered in the United States or owned by a United States citizen, in violation of 21 U.S.C. §§ 959(b), 960(b)(1)(B), and 963, and 18 U.S.C. § 2. See United States v. Thompson, No. 1:12-CR-266 (D.D.C. Mar. 31, 2017) (DE 229). Petitioner moved for habeas relief under 28 U.S.C. § 2255, which the United States District Court for the District of Columbia denied February 24, 2023, and such denial was affirmed on appeal by per curiam judgment June 20, 2024. See United States v. Knowles, No. 23-3041 (D.C. Cir. June 20, 2024) (unpublished). By the instant habeas petition,

petitioner asserts he was illegally extradited from his country and requests the court vacate his sentence and conviction for lack of jurisdiction. (DE 1 at 2, 12).

The legality of petitioner's conviction or sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a Section 2255 motion." Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022); Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568–69 (4th Cir. 2021). In addition, the fact that second or successive § 2255 motions are barred except in extremely limited circumstances does not render § 2255 inadequate or ineffective. Jones v. Hendrix, 599 U.S. 465, 477–80 (2023); Bell v. Streeval, 147 F.4th 452, 456 (4th Cir. 2025).

Here, petitioner cannot show that § 2255 is inadequate or ineffective to test the legality of his conviction or sentence. See Jones, 599 U.S. at 477–80. The court therefore lacks jurisdiction to consider petitioner's claims under § 2241. See United States v. Wheeler, 886 F.3d 415, 423–26 (4th Cir. 2018), overruled on other grounds by Jones, 599 U.S. at 477–78.

Based on the foregoing, the petition is DISMISSED without prejudice, and petitioner's motions (DE 2, 6) are DENIED as moot. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge